UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-07403-AB-KS Date: August 31, 2026

Title *Eddie Turner v. Los Angeles County Board of Supervisors et al.*

Present: The Honorable: Karen L. Stevenson, Chief United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner: N/A Attorneys Present for Respondent: N/A

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On July 6, 2026, Petitioner, an apparent pretrial detainee currently housed at the Los Angeles Men's Central Jail and proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.D.C. § 2254 ("Petition"). (Dkt. No. 1.) The Petition, which is difficult to decipher, raises claims that primarily appear to challenge Petitioner's current detention. However, the Petition was not properly drafted on a court-approved form for doing so, specifically, the form Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. § 2254) (Form CV-69), and it is missing nearly all of the background information that would have been supplied if Petitioner had used the form.

Having now screened the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), and for the reasons stated below, Petitioner is ordered to show cause, no later than **September 30, 2025**, why the Petition should not be dismissed on the ground that it is unexhausted.

## LEGAL STANDARD

Rule 4 of the Habeas Rules requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998); *see also* 28 U.S.C. § 2243 (if it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the requested party). However, a district court's

use of this summary dismissal power is not without limits. *Boyd*, 147 F.3d at 1128. To the contrary, a habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.*

Accordingly, **this Order is intended to give Petitioner notice that the Petition is subject to dismissal because he has failed to establish that the claims therein are exhausted**.

**THE PETITION FAILS TO ESTABLISH THAT THE CLAIMS ARE EXHAUSTED**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Thus, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

To satisfy AEDPA's exhaustion requirement, a state prisoner must "fairly present" his federal claims to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see also Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). In California, a state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998).

Here, there is nothing reflected in the Petition to indicate that Petitioner's current claims have been addressed by any state court. Consequently, the Petition is subject to dismissal as wholly unexhausted. *Rose*, 455 U.S. at 510, 521.[1]

[1] Petitioner has also failed to name a proper respondent. Habeas Rule 2(a) requires a habeas petitioner to "name as respondent the state officer who has custody" of the petitioner pursuant to a state-court judgment. Contrary to this rule, Petitioner has named the Los Angeles County Board of Supervisors, an executive officer of the Los Angeles County Board of Supervisors, the Los Angeles Sheriff's Department, its chief, and five other LASD officials as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-07403-AB-KS Date: August 31, 2026

Title *Eddie Turner v. Los Angeles County Board of Supervisors et al.*

**CONCLUSION**

**Petitioner is ORDERED TO SHOW CAUSE on or before September 30, 2026**, **why the Petition should not be dismissed**—that is, Petitioner must file, no later than **September 30, 2026**, a signed First Amended Petition for Writ of Habeas Corpus establishing that his claims are fully exhausted because Petitioner presented them to the California Supreme Court and the California Supreme Court has addressed them. Petitioner is **strongly** encouraged to **prepare his First Amended Petition by fully completing a court-approved form (Form CV-69), a copy of which will be included with this order for Petitioner's convenience.**

Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules.

Petitioner is encouraged to utilize this Court's Federal Pro Se Clinic. The Clinic offers information and guidance to individuals who are representing themselves in federal civil actions. The Clinic is administered by a non-profit law firm, Public Counsel, not by the Court. More information is available at: http://prose.cacd.uscourts.gov.

The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition (Form CV-69) and a copy of the Central District's form Notice of Voluntary Dismissal.

**IT IS SO ORDERED.**

:

**Initials of Preparer** klh

respondents. Therefore, in any First Amended Petition, Petitioner should name the official in charge of the facility where Petitioner is detained as the respondent or this action will again be subject to dismissal.