UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:26-cv-07403-AB-KS | Date: | October 20, 2026 |
|---|---|---|---|

| Title: | *Eddie Turner v. Los Angeles County Board of Supervisors et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|
| Evelyn Chun<br>Deputy Clerk | N/A<br>Court Reporter |
| Attorney(s) Present for Plaintiff(s):<br>None Appearing | Attorney(s) Present for Defendant(s):<br>None Appearing |

**Proceedings: [In Chambers] ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR INJUNCTIVE RELIEF [DKT. NOS. 12, 17, 18, 19, 20, 21, 22, 25]; DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND ORDERING PAYMENT OF FILING FEE [DKT. NO. 3]; AND ADMONISHING PETITIONER RE: VEXATIOUS FILINGS**

On July 6, 2026, Petitioner, currently incarcerated at the Los Angeles Men's Central Jail and proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.D.C. § 2254 ("Petition"). (Dkt. No. 1.) The Petition raises claims that primarily appear to challenge Petitioner's current detention.

Petitioner has made repeated motions for injunctive relief, some titled differently than others, but all ultimately requesting either immediate release or that the Court order the Los Angeles Men's Central Jail to provide him access to a law library. (*See* Dkt. Nos. 12 ("Emergency Motion to Comply" seeking an order directing "the Los[] Angeles Sheriff's Dept. to provide pro per privileges" for law library access), 17 ("Emergency Motion for Injunction Relief" seeking "pro per

classification" for law library access), 18 ("Emergency Motion for Summary Judgment" seeking immediate release from custody), 19 ("Emergency Motion" seeking "immediate emergency release" from custody), 20 ("Emergency Motion" seeking "immediate release pending a final judgment"), 21 ("Emergency Motion for Immediate Injunction Relief" seeking *inter alia* "immediate release"), 22 ("Amended Emergency Motion for an Expedited Evidential Hearing" seeking expedited consideration and hearing on his Petition); and 25 ("Emergency Evidentiary Hearing and Immediate Injunction Relief" seeking expedited consideration and immediate release from custody pending "a final determination").)

**PETITIONER'S REQUESTS FOR IMMEDIATE RELEASE ARE DENIED**

In a habeas matter, "a district court has inherent power, derived from the power to issue the writ of habeas corpus itself and the habeas corpus statutes (28 U.S.C. §§ 2241–2255), to direct the release of a state prisoner on his or her own recognizance or on a surety." *Fordjour v. Kings*, No. 1:09-cv-00060-OWW-SKO-HC, 2010 WL 2629512, at *1 (E.D. Cal. June 29, 2010) (citing *Marino v. Vasquez*, 812 F.2d 499, 507 (9th Cir. 1987)). "However, federal courts reserve bail pending resolution of a habeas corpus petition to 'extraordinary cases involving special circumstances' and where there is a high probability of the petitioner's success on the merits." *Id.* (*quoting United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994)). Moreover, "the petitioner must show circumstances that make him exceptional and especially deserving of special treatment in the interests of justice." *Id.* (citing *Benson v. California*, 328 F.2d 159, 162 (9th Cir. 1964)). "The Court must also consider the petitioner's risk of flight and the danger to the community should the petitioner be released." *Id.* (citing *Marino*, 812 F.2d at 508-09).

Here, Petitioner has not made an adequate showing that his circumstances are exceptional or that there is a high probability of his success on the merits. His chief contention in the pending Petition appears to be that his current incarceration was fabricated. (*See* Dkt. no. 1 at 3 ("[T]his writ deals with internal LASD criminal collusion, constituting false imprisonment & a crime, which demands my immediate release, . . . .").) However, a review of the exhibits to the Petition and a search of Petitioner's publicly available records indicate that Petitioner is serving two concurrent jail terms of 180 days imposed as a portion of his sentence in Los Angeles Superior Court case no. SA102755 (consolidated with case no. BA498371). (Dkt. No. 1 at 14 (April 11, 2025 Correspondence of the Los Angeles County Sheriff's Department seeking a custodial hold from the "Department of Corrections or any other law enforcement agency" based on Petitioner's conviction in case no. SA102755); *see also People v. Turner*, No. B335121, 2025 WL 2542289, at *4 n.8

(Cal. Ct. App. Sep. 4, 2025) (order affirming the trial court in case nos. SA102755 and BA498371 and noting that Petitioner's total sentence included in part "two concurrent jail terms of 180 days each, for sending obscene or threatening messages and for sending repeated harassing messages."). Therefore, it does not appear he is being held in detention fraudulently or otherwise in the absence of a state court judgment authorizing such detention. To the extent Petitioner challenges the constitutionality of his incarceration, the Court will consider his claims in due course after all briefing is completed as it does all other habeas petitions. The requests for immediate release are denied. *Marino*, 812 F.2d at 507-09; *Mett*, 41 F.3d at 1282; *Benson*, 328 F.2d at 162.

**PETITIONER'S REQUESTS FOR PRO PER STATUS/LAW LIBRARY ACCESS IS GRANTED**

To the extent the Los Angeles Sheriff's Department has denied Petitioner adequate access to a law library, the Court directs them to allow such access. "Prisoners have a constitutional right of access to courts." *Tisthammer v. United States*, Nos. 2:14-CV-00271-CAS, 2:08-CR-00057(B)-CAS, 2015 WL 13451176, at *2 (C.D. Cal. Feb. 10, 2015) (quoting *Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994), as amended (Oct. 5, 1994)). "Included within that right of access to courts is a prisoner's right of access to adequate law libraries or legal assistance from trained individuals." *Id.* (citation omitted). Here, "[b]ecause petitioner is not represented by counsel, access to the law library likely implicates [P]etitioner's due process rights." *Id.* Therefore, Respondents are directed to provide Petitioner adequate access to a law library and any available legal materials consistent with its procedures for inmates with pro per status.

**PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS IS DENIED AND PETITIONER IS DIRECTED TO PAY THE FILING FEE [DKT. NO. 3]**

On August 31, 2026, the assigned Chief Magistrate Judge postponed ruling on Petitioner's Motion to Proceed In Forma Pauperis to give Petitioner an opportunity to provide sufficient information necessary for ruling on such a request. (Dkt. Nos. 3, 15.) The Chief Magistrate Judge expressly cautioned Petitioner that he must "supply all of the requested information, and file the completed form on or before September 10, 2026, or his Motion [to Proceed In Forma Pauperis] will be denied." (Dkt. No. 15.) To date, Petitioner has not responded. Particularly in light of the multiple filings Petitioner has submitted to the Court instead, the Court finds

that he has failed to comply with the Chief Magistrate Judge's August 31, 2026 Order and his Motion to Proceed In Forma Pauperis (dkt. no. 3) is **DENIED**.

**Petitioner is ordered to pay the $5.00 filing fee within THIRTY days or this action will be subject to dismissal.**

## ADMONITION RE: PETITIONER'S VEXATIOUS FILINGS

As stated above, Petitioner has filed repeated motions seeking the same relief. The Court admonishes Petitioner that if he continues to do so, the Court will strike such motions from the record without a ruling and deem him a vexatious litigant with restrictive pre-filing orders in this case and any others Petitioner has pending. 28 U.S.C § 1651(a); *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990); *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999).

**IT IS SO ORDERED.**